UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALFRED L. STONE,<br><br>              Plaintiff,<br><br>            v.<br><br>LANDIS CONSTRUCTION CO., INC., *et al.*,<br><br>            Defendants. | Case: 1:16-cv-00769 (I-Deck)<br>Assigned To : Unassigned<br>Assign. Date : 4/26/2016<br>Description: FOIA/Privacy Act |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff identifies himself as "an African American male [who obtained] his license from the District of Columbia as a Master Plumber on or about 1987." Compl. ¶ 8. He represents that defendant Landis Construction "expanded its services to include plumbing & gasfitting work from May 5, 2006 thru March 2012," even though it "did not employ a designated master plumber [who] was licensed by the District of Columbia government to install plumbing [and perform] gasfitting work for its customers." *Id.* ¶ 9. Plaintiff's claims arise from his response to "[d]efendants['] April 30, 2006 want ad for a licensed D.C. master plumber," *id.* ¶ 29, defendants' alleged failure or refusal to hire plaintiff because of his race, *id.* ¶ 31, and defendants' decision to hire a white unlicensed master plumber instead, *see id.* ¶¶ 32-34. In this action, plaintiff alleges that defendants violated the District of Columbia Consumer Protection Procedures Act, *see* D.C. Code § 28-3901 *et seq.*, among other statutory and regulatory provisions, *see* Compl. ¶¶ 19-27, by "contracting, marketing, and [selling] in the District of

Columbia . . . falsely advertised and/or unlicensed installation of plumbing & gasfitting appliances and services from November 2006 thru March 2012," *see id.* at 2 (page numbers designated by plaintiff); *see also id.* ¶¶ 39-41, 46-47. Plaintiff demands compensatory and punitive damages. *Id.* at 28.

A plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake Const. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (citation omitted. Under the doctrine of *res judicata*, a prior judgment on the merits of a plaintiff's claim bars the relitigation of the claim and any other claims that could have been raised in a prior case. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"). In evaluating a cause of action for *res judicata* purposes, it is the factual nucleus giving rise to a plaintiff's claim, not the legal theory on which the claim rests, that determines whether the claim may proceed. *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984).

It appears that the facts giving rise to the instant civil action are the same facts on which plaintiff based his prior lawsuit – a lawsuit that ended with a jury verdict for defendants. *See Stone v. Landis Constr. Corp.*, No. 09-2359 (D.D.C. Jan. 31, 2014), *aff'd*, No. 14-7022 (D.C. Cir. Feb. 19, 2015). Its resolution on the merits bars plaintiff from raising new claims based on the same facts and, therefore, the Court will dismiss the complaint. An Order accompanies this Memorandum Opinion.

DATE: 4/21/2016

_____
United States District Judge